MEMORANDUM OPINION



No. 04-03-00922-CV



David Aaron HINSON d/b/a Hinson's Auto Repair,


Appellant


v.


PEAK FINANCE, L.P.,

Appellee


From the County Court at Law No. 7, Bexar County, Texas

Trial Court No. 281,440

Honorable David J. Rodriguez, Judge Presiding


Opinion by: Paul W. Green, Justice


Sitting: Paul W. Green, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: December 8, 2004


AFFIRMED

 David Aaron Hinson d/b/a Hinson's Auto Repair appeals a judgment in favor of Peak
Finance, L.P. for conversion of an automobile. He claims the trial court erred because 1)
Peak failed to prove it had legal right to possession of the car in question; 2) Peak failed to
tender the balance due for car repairs; and 3) the sale of the car to himself for the $500
balance due for the repairs was commercially reasonable. Trial was to the court without a 

jury. Findings of fact and conclusions of law were requested, but were not filed. (1)

 Because the issues in this appeal involve the application of well-settled principles of
law, we affirm the trial court's judgment in this memorandum opinion under Tex. R. App.
P. 47.4 for the following reasons:

 1. Hinson first says Peak did not prove it had the right to possession of the automobile
and, accordingly, its conversion claim must fail. See FCLT Loans, L.P. v. Estate of Bracher,
93 S.W.3d 469, 482 (Tex. App.-Houston [14th Dist.] 2002, no pet.) ("To bring a conversion
claim, the aggrieved party must have either ownership, possession, or the right to immediate
possession of the property."). We disagree. Peak's employee, Theresa Loeffler, testified that
Peak held the title to the vehicle as collateral to secure a purchase loan. This evidence is
sufficient to support Peak's right to possession of the vehicle. The issue is overruled.

 2. Hinson next says Peak failed to tender payment due for repairs and so was not
entitled to take possession of the vehicle. See Tex. Prop. Code § 70.001(a) (Vernon Supp.
2004) (automobile mechanic entitled to retain possession of repaired vehicle until amount
due for repair is paid). We again disagree. Hinson admitted that the entire balance due for
repairs had been paid by Allstate Insurance. Also, Loeffler testified that a check for the $500
insurance deductible, representing any remaining balance due, was tendered to Hinson but
was refused. This evidence is sufficient to show that Hinson's mechanic's lien had been
discharged and supports Peak's right to possession of the vehicle. The issue is overruled.

 3. Finally, Hinson says the sale of the vehicle to himself was done in a commercially
reasonable manner, which would defeat Peak's conversion claim. By rendering a judgment
for Peak on its conversion claim, the trial court impliedly found that Hinson's sale of the
vehicle to himself was not commercially reasonable. The evidence showed the vehicle was
worth about $5000; Hinson sold it to himself for $500 after refusing Peak's tender of that
amount. This evidence is sufficient to support the trial court's finding. The issue is overruled.

 4. The trial court's judgment is affirmed.


 Justice Paul W. Green
1. Peak's Proposed Findings of Fact & Conclusions of Law are in the record, but the record does not contain
an order adopting those or any other findings of fact and conclusions of law.